UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KIMBERLY JONES** | § | |
| | § | |
| V. | § | Civil Action No. 1:21-CV-01064-RP |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KIMBERLY JONES, hereinafter called Plaintiff, complaining of and about **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** *(hereinafter called Defendant or State Farm)* and for cause of action show unto the Court the following.

### I.

1. Plaintiff, KIMBERLY JONES, resides in Austin, Travis County, Texas. Plaintiff's driver's license no. is 06357122, and her social security number is xxx-xx-6932.

2. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance company authorized by statute to sell insurance within the State of Texas, and having a license and permit to do so. Service of process has already been effectuated and an answer filed; therefore, no further service is necessary at this time.

### II.

3. This cause of action arose in Austin, Travis County, Texas; therefore, venue is proper in Travis County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002, 15.015 and 15.0151. Defendant removed this cause from State District Court to Federal District Court based upon the alleged amount in controversy and diversity jurisdiction.

28 U.S.C. §1332.

### III.

4.     The amount in controversy far exceeds the minimal jurisdictional limits of this court and damages exceed $250,000.00 after all credits and offsets, if any, are applied.

### IV.

5.     Pursuant to T.R.C.P. 190.4, this party intends to conduct discovery in compliance with the Scheduling Order, previously filed in this matter.

### V.

### NEGLIGENCE OF UM/UIM DRIVER

6.     On or about February 3, 2020, Plaintiff, KIMBERLY JONES was traveling on Lake Creek Parkway. Sidra Faruqi ran the red light at the intersection of Lake Creek Parkway and Research Blvd. causing him to collide into another vehicle. The force of the collision caused that vehicle to strike Plaintiff's vehicle. At the time of the occurrence, Sidra Faruqi was an uninsured/underinsured driver as that term is defined under the policy of insurance issued by State Farm and which provided coverage to KIMBERLY JONES
. Such policy of insurance was in full force and effect at the time of the occurrence in question.

7.     On the date and time of the occurrence, Sidra Faruqi was negligent in the operation, maintenance and/or use of his motor vehicle in one or more of the following respects.

    a.   In failing to maintain a proper lookout as an ordinary and prudent person would have done under the same or similar circumstances;

    b.   In operating said vehicle in an inattentive manner;

    c.   In failing to operate said vehicle in a safe and prudent manner;

    d.      In failing to control his speed;

    e.      In failing to stop at a red traffic signal;

    f.      In failing to apply sufficient and timely force to the brakes to avoid the collision;

    g.      In failing to operate the vehicle in a reasonable manner;

    h.      In failing to observe those applicable terms and provisions of the Texas Driver's Handbook; and

    i.      In failing to observe those applicable sections of the Texas Transportation Code governing the operation of said vehicle, including but not limited to certain sections 545.001-545.256 thereof, which failure constitutes negligence and negligence per se.

8.     Plaintiff in no way contributed to cause the occurrence in question. On the contrary, the occurrence in question was proximately caused by the failure of Sidra Faruqi to exercise ordinary care on the occasion in question and by his violation of common law, statutes and codes of the State of Texas. Such actions of both omission and/or commission were and are a producing and/or proximate cause of Plaintiff's resulting injuries and damages as more fully set forth below.

## VI.

9.     At the time of the collision made the basis of this lawsuit, Plaintiff, KIMBERLY JONES, was protected against loss caused by bodily injury and property damage, resulting from the ownership, maintenance or use of an uninsured/underinsured vehicle by a policy of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY under policy/claim no. 53-0311-F18. The underinsured motorist coverage mentioned above provided

for bodily injury coverage, for which premiums had been paid to State Farm.

## VII.

### ACTUAL PERSONAL INJURY DAMAGES

10.     Upon the trial of this case, it will be shown that Plaintiff, KIMBERLY JONES, was caused to sustain injuries and damages as a proximate result of the negligence described above. Plaintiff will request the Court and the Jury to determine the amount of loss that Plaintiff has incurred in the past and that she will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiff is entitled to have the Jury in this case separately consider certain elements of damage provided by law and to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for her injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case and in the future beyond the time of trial, are as follows:

   a.   Reasonable and necessary medical expenses incurred in the treatment of Plaintiff's injuries from the date of the collision to the time of trial and in the future, beyond the time of trial;

   b.   Physical pain that Plaintiff suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

   c.   Mental anguish that Plaintiff suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

   d.   Scarring and disfigurement suffered by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial;

e.  Physical impairment suffered by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial;

f.  Lost wages and loss of wage-earning capacity sustained by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial; and

g.  Miscellaneous expenses and losses, including mileage, parking, rental cars, taxi fares and any other items of special need.

Plaintiff, KIMBERLY JONES, states that her total damages shall not exceed $1,000,000.00.

## VIII.

11.  Additionally, Plaintiff, KIMBERLY JONES, would show that she timely and properly notified STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of the accident and of her claim under the Uninsured/Underinsured Motorist Coverage of the policy. All proofs of loss and other conditions precedent necessary to the maintenance of this lawsuit have been performed or have occurred. Nevertheless, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, acting by and through their employees, agents and/or representatives, have failed and refused, and still fail and refuse to pay Plaintiff any benefits under this policy as they are contractually required to do. It is Defendant's handling of such claim for which Plaintiff now complains.

## IX.

### BREACH OF CONTRACT

12.  At the time of the collision made the basis of this lawsuit, Sidra Faruqi was an "Uninsured/Underinsured driver" as those terms are defined by the Policy of Insurance issued by State Farm. Fortunately, Plaintiff as a permissive user of the motor vehicle/family member of the

insured's household, was covered by Uninsured/Underinsured Motorist Benefits coverage from State Farm which would provide coverage to her in this type of situation and premiums for such coverage under the policy had been paid; such that the insurance was in full force and effect at the time of this collision.

13. Defendant breached their insurance contract when they wholly failed to provide the contractual benefits under the policy in a timely manner to Plaintiff. Plaintiff therefore seeks recovery for all damages she is entitled to recover under said contract. Furthermore, Plaintiff prays for reasonable and necessary attorney's fees for the preparation, trial and appeal of this cause in accordance with Texas Civil Practices and Remedies Code §38.001 and/or pursuant to any and all other applicable laws or statutes.

## X.

## NEGLIGENCE/GROSS NEGLIGENCE

14. Defendant owed Plaintiff the duty to act reasonably in evaluating, investigating and settling her claim. Defendant negligently breached such duty. Such negligence and/or gross negligence is a proximate cause of damages to Plaintiff.

## XI.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

15. Defendant owed Plaintiff a duty of good faith and fair dealing. Defendant has breached this duty by denying and/or delaying payment of uninsured/underinsured motorist benefits due under the policy, without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff, KIMBERLY JONES's claims prior to such denial/delay. Defendant's breach has been a producing and/or proximate cause of actual damages, injuries or harm to

6

Plaintiff. Plaintiff seeks both actual and exemplary damages for this breach.

## XII.

## DECEPTIVE TRADE PRACTICES ACT

16. Defendant is guilty of false, misleading and/or deceptive acts and practices prohibited by DTPA §17.46(b). Specifically, Defendant has engaged in the following unfair deceptive acts or practices in the business of insurance, which was a producing cause of Plaintiff's injuries and damages as stated herein. They are as follows:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of their goods or services; (Texas Bus. & Com. Code §17.46(b)(2))

   b. Representing that its goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person had a sponsorship, approval, status affiliation, or connection which she did not; (Texas Bus. & Com. Code §17.46(b)(5))

   c. Representing that its goods or services were of a particular standard, quality, grade, style or model, when in fact, they were of another; (Texas Bus. & Com. Code §17.46(b)(7))

   d. Advertising goods or services with intent not to sell them as advertised; (Texas Bus. & Com. Code §17.46(b)(9))

   e. Representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve and/or are prohibited by law; (Texas Bus. & Com. Code §17.46(b)(12))

   f. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction; (Texas Bus. & Com. Code §17.46(b)(14))

   g. Representing that a guarantee or warranty conferred or involved rights or remedies which it did not have or involve; (Texas Bus. & Com. Code §17.46(b)(20))

   h. Failing to disclose information concerning the Policy which was known to State Farm at the time of the transaction with the intent to induce the insured into a transaction they would not have entered had the information been disclosed;

(Texas Bus. & Com. Code §17.46(b)(24))

i. Violations of an express and/or implied warranty: State Farm, by and through their agent, employee and/or representative, warranted that the Insurance Policy obligated them to pay benefits as a result of a car accident. Despite these warranties, State Farm has wholly failed to pay the benefits promised. The Plaintiff relied upon said express/implied warranties to her detriment; (Texas Bus. & Com. Code §17.50(a)(2))

j. State Farm, engaging in an unconscionable action or course of action that, to their insured's detriment, took advantage of her lack of knowledge, ability, experience, or capacity to a grossly unfair degree; (Texas Bus. & Com. Code §17.50(a)(3))

k. State Farm's use or employment of an act or practice in violation of Texas Insurance Code Chapter 541; (Texas Bus. & Com. Code §17.50(a)(4))

l. State Farm engaged in false, misleading, or deceptive acts and/or practices that their insured relied upon to her detriment and that violated a "tie-in" consumer statute; (Texas Bus. & Com. Code §17.50(h))

17. Furthermore, Plaintiff hereby alleges that all Defendant's actions in the solicitation of the policy, investigation of the claim, delay in payment of benefits under the policy and outright denial of some or all of the benefits to which she was justly entitled were committed knowingly and intentionally. As a result, Plaintiff is entitled to additional damages (a/k/a exemplary or punitive) of up to two times the actual damages awarded.

## XIII.

## INSURANCE CODE VIOLATIONS

18. Defendant is guilty of unfair insurance practices in violation of the Texas Insurance Code, and the statutes, board rules, regulations and rules incorporated by and/or referenced by provisions of the Code. These practices have been a producing and proximate cause of Plaintiff's damages. Specifically, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance to include, but not limited to:

8

Violations of Texas Insurance Code §541.060

 a. Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue; (Tex.Ins. Code §541.060(a)(1))

 b. Not attempting in good faith to bring about a prompt, fair and equitable settlement of a claim once the insurer's liability becomes reasonably clear; (Tex.Ins. Code §541.060(a)(2)(A))

 c. Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; (Tex.Ins. Code §541.060(a)(3))

 d. Not affirming or denying coverage of a claim to a policyholder within a reasonable time; (Tex.Ins. Code §541.060(a)(4)(A))

 e. Refusing to pay a claim without conducting a reasonable investigation; (Tex.Ins. Code §541.060(a)(7))

Violations of Texas Insurance Code §541.061

 a. Making an untrue statement of material fact; (Tex.Ins. Code §541.061(1))

 b. Leaving out a material fact, so that other statements are rendered misleading; (Tex.Ins. Code §541.061(2))

 c. Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. (Tex.Ins. Code §541.061(3))

19. State Farm has engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, State Farm is deemed to have violated Chapter 541 "knowingly," as that term is used in Section 541.002(1) and 541.152(b). As a result, State Farm could be held responsible for up to three times the amount of actual damages proven. Should the issue not be resolved prior to the filing of a lawsuit, the beneficiary would seek such damages.

20. Plaintiff would further show that she has provided Defendant with all information

necessary to evaluate her claims; however, Defendant has failed to promptly pay Plaintiff's claims, which is a violation of Article 21.55 of the Texas Ins. Code Ann. (Now renumbered and codified in Sec's 542.051 to 542.061 of the Texas Insurance Code). Defendant's failure to timely comply with the above statute has proximately caused damages and harm to Plaintiff. Plaintiff therefore seeks monetary damages, attorney's fees and all statutory penalties allowed by Chapter 542 of the Texas Ins. Code.

## XIV.

## DECLARATORY JUDGMENT

21. Based on the foregoing facts and pursuant to the policy of insurance in full force and effect between Plaintiff and Defendant at the time of this incident, Plaintiff seeks a declaratory judgment pursuant to Tex.Civ.Prac. & Rem. Code Chp. 37, to determine the rights, responsibilities and obligations of the parties under the contract of insurance which was issued by Defendant and covered Plaintiff at the time of the motor vehicle collision. Specifically, Plaintiff seeks judgment from the Court acknowledging the rights, duties and obligations of the parties under the contract of insurance issued by State Farm and which covered Plaintiff, that Plaintiff's claim fell within the coverage afforded her under the policy of insurance with State Farm, that she is entitled to recover from State Farm, the damages she sustained resulting from the motor vehicle collision, and specifying the amount of damages, interest and court costs that State Farm is obligated to pay under the policy as written by State Farm and which covered the Plaintiff. All parties who have or may claim an interest affected by the declaration have been made a party to the lawsuit.

## XV.

## ADDITIONAL DAMAGES

22. As a result of Defendant's conduct in investigating, handling, delaying and denying benefits under the policy, Plaintiff, KIMBERLY JONES, has suffered damages and losses in the past and, in reasonable probability is expected to suffer damages and losses in the future. Plaintiff seeks compensation for the following elements of special damages, both past and future:

   a. the full amount of all policy benefits wrongly withheld;

   b. lost interest or appreciation on monies or assets used to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;

   c. the cost of securing alternate funds to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;

   d. actual damages, as set forth in Paragraph VII;

   e. injury to credit and credit reputation;

   f. costs of court and the expenses of litigation;

   g. pre-judgment and post-judgment interest;

   h. all applicable statutory penalties;

   i. exemplary damages or, in the alternative, enhanced damages, all as set out above; and

   j. reasonable and necessary attorney's fees in pursuing the Declaratory Judgment action.

23.     Plaintiff, KIMBERLY JONES's actual damages meet the jurisdictional requirements of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein that upon final recovery, Plaintiff has judgment of and from this Defendant, for all of her damages in an amount not to exceed $1,000,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiff may be justly entitled, either at law or in equity.

Respectfully submitted,

**BROCK & BROCK, P.C.**
803 E. Mistletoe
San Antonio, Texas 78212
Telephone: (210) 733-6666
Telecopier: (210) 733-6893


BY:   *Karl B. Brock*
KARL B. BROCK
State Bar No. 03044150
Federal Bar No. 570110
Email: Karlb@brockandbrock.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's First Amended Original Petition has been forwarded via electronic mail, certified mail, return receipt requested and/or via facsimile, to:

Ms. Sarah A. Nicolas
RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC
13413 Galleria Circle
Bldg. Q, Ste. 120
Bee Cave, Texas 78738

on this 14th day of April, 2022.

*Karl B. Brock*
KARL B. BROCK